# WECHSLER & COHEN, LLP

Attorneys At Law
116 John Street
33rd Floor
New York, New York 10038
Telephone:   (212) 847-7900
Telecopier:   (212) 847-7955

WILLIAM H. ROTH
E-mail: wroth@wechco.com

May 16, 2005

*ECF Filing*

Hon. Sandra L. Townes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *United States Dredging Corporation v. One Beard Street, LLC*
             **Docket No.: 05 CV 2046 (SLT)**

Dear Judge Townes:

      We are counsel to United States Dredging Corporation. Owing to my illness on Friday, I have just received a copy of Defendant's counsel's May 13 letter to Your Honor seeking a 20-day extension of time to answer the Complaint.

      In normal circumstances, I advise clients to grant such extensions of time, if for no other reason than the Court, if asked, would likely grant such a request, which would only make my client appear in an unfavorable light to the Court.

      However, this is anything but a normal circumstance. Here, for no reason, a giant international corporation is seeking to inflict harm upon my client, a corporation privately held by two families which holds nothing significant but the land at issue.

      The claim set forth in the complaint is a simple case of contract interpretation. The contract involved has a merger clause and a provision prohibiting oral modifications. A reading of the four-page complaint demonstrates that one need only refer to the contract and three notices executed and delivered by the defendant or its assignor to resolve the legal issue raised in the Complaint. There is no claim for damages; no he-said, she-said. The question presented is for all practical purposes presented on stipulated facts, and the sole question is, "Does the contract continue or not?"

**WECHSLER & COHEN, LLP**

Hon. Sandra L. Townes
United States District Court
May 16, 2005

  Contrary to Defendant's counsel's belief, there is no need for review of correspondence, or the interview of witnesses. Defenses counsel refers to a "multitude of conditions", yet no issue is presented as to whether or not conditions were satisfied. For the purposes of the issue presented, the *Court may assume that conditions were not satisfied.*

  Since all of the foregoing documents were executed and delivered by employees and agents resident in either Nassau County, New York or Plymouth Meeting, Pennsylvania, defense counsel is incorrect when he asserts a need to interview witnesses in Sweden.

  In the contract at issue, stripped of extraneous verbiage, the provision is set forth as:

> **8. INABILITY TO CONVEY.** In the event Seller shall not be able to convey title to the Property on the date of Closing in accordance with the provisions of this Agreement or if Seller has failed to perform any of its covenants under Section 6 hereof and/or all of the conditions precedent set forth in Section 6 have not been satisfied in full at or prior to Closing, then Buyer shall have the option, . . . (a) accepting at Closing such title as Seller is able to convey and/or waiving any unsatisfied covenant and/or condition precedent, . . . or (b) declining to proceed to Closing;[1]

---

[1] The full text the provision reads: "**8. INABILITY TO CONVEY.** In the event Seller shall not be able to convey title to the Property on the date of Closing in accordance with the provisions of this Agreement or if Seller has failed to perform any of its covenants under Section 6 hereof and/or all of the conditions precedent set forth in Section 6 have not been satisfied in full at or prior to Closing, then Buyer shall have the option, exercisable by written notice to Seller at or prior to Closing but subject to Seller's right to adjourn the Closing as provided in Sections 6.7.4 and 9.3.1 hereof, of (a) accepting at Closing such title as Seller is able to convey and/or waiving any unsatisfied covenant and/or condition precedent, with no deduction from or adjustment of the Purchase Price except for adjustment equal to the amount of any Lien together with interest and penalties thereon (subject to the Involuntary Lien Maximum Amount for any Involuntary Liens as provided in Section 6.7.4), if any, and together with any additional title insurance costs or premiums reasonably imposed by the Title Insurer by reason thereof, or (b) declining to proceed to Closing;"

WECHSLER & COHEN, LLP

Hon. Sandra L. Townes
United States District Court
May 16, 2005

  Defendant declined to proceed to Closing. The land involved is indeed valued at $31,000,000. It was an income producing property, until, at the behest of Defendant, all tenants were evicted. Without any income, Plaintiff is now in a desperate state and is perfectly willing to sell to Defendant or anyone else. However, even though the Defendant refused to close, it now seeks to prevent Plaintiff in effect from negotiating with any other prospective purchaser. No real estate developer will expend the time and effort to investigate the property while a memorandum of a contract of sale to Ikea Properties, Inc. appears of record.

  Plaintiff's inability to remarket the Property will have severe consequences to it for which it may have no remedy. Plaintiff has $500,000 on deposit as a down-payment for the purchase of a replacement property with closing of that sale to be held by June 30. It has no means to conclude that purchase without the sale of an option on the property at issue. The delay of resolution of this action may cause Plaintiff to forfeit that deposit.

  On the other hand, Defendant suffers no prejudice in answering promptly. The sole cognizable reason for a delay in answer is to assert a counterclaim, which Defendant will be free to do within 20 days of the service of its Answer in any event. The facts alleged are straightforward. As a practical matter, in the next 20 days Ikea will either buy the property or not. If it does purchase the property, this lawsuit will be moot. If Ikea does not close, it will suffer no harm, since the complaint only seeks a declaration that the contract is over. There will be plenty of time thereafter for the parties to litigate issues of breach and damages.

  Because of the unique time pressures facing my client, I respectfully request that Defendant's application be denied.

            Respectfully submitted,

                /s/

            William H. Roth

WHR:mns

cc: Jay R. Fialkoff, Esq.
   Moses & Singer, LLP
   Attorneys for Defendant