```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```

|  |  |
|---|---|
| UNITED STATES DREDGING CORPORATION<br><br>                  Plaintiff,<br><br>      -against-<br><br>ONE BEARD STREET, LLC<br><br>                  Defendant. | Civil Action No.<br>05 Civ. 2046<br><br>**ANSWER AND<br>COUNTERCLAIMS** |

Defendant One Beard Street, LLC, by their attorneys, Moses & Singer, LLP as and for their answer to the Complaint (the "Complaint"), hereby respond as follows:

    1.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "1" of the Complaint.

    2.    Admits the allegations set forth in paragraph "2" of the Complaint.

    3.    Paragraph "3" of the Complaint merely asserts legal conclusions as to which no responsive pleading is required.

    4.    Paragraph "4" of the Complaint merely asserts legal conclusions as to which no responsive pleading is required.

    5.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "5" of the Complaint.

    6.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "6" of the Complaint, except, that Defendant admits those allegations set forth in paragraph "6" of the Complaint which identifies Plaintiff

as the owner of the subject property and refers the Court to the "tax map of the Borough of Brooklyn, City of New York" for its true content and meaning.

7. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "7" of the Complaint and refers the Court to the documents referred therein for their true content and meaning.

8. Admits the allegations set forth in paragraph "8" of the Complaint and refers the Court to the Sales Agreement and the Amendments thereto for their true content and meaning.

9. Denies the allegations set forth in paragraph "9" of the Complaint, except, that Defendant admits the existence of a Memorandum of Sale.

10. Admit the allegations set forth in paragraph "10" of the Complaint.

11. Denies the allegations set forth in paragraph "11" of the Complaint, except that Defendant admits that its counsel sent a letter, dated December 21, 2004, to Plaintiff's counsel and refers the Court to said letter for its true content and meaning.

12. Admits the allegations set forth in paragraph "12" of the Complaint.

13. Denies the allegations set forth in paragraph "13" of the Complaint, except that Defendant admits that Plaintiff adjourned the closing.

14. Denies each and every allegation set forth in paragraph "14" of the Complaint except, that Defendant admits that Plaintiff's counsel sent a letter, dated April 14, 2005, purporting to set a closing date of April 20, 2005 to Defendant's counsel and refers the Court to said letter for its true content and meaning.

15. Denies each and every allegation set forth in paragraph "15" of the Complaint except, that Defendant admits that its counsel sent a letter, dated April 18,

2005 to Plaintiff's counsel and refers the Court to said letter for its true content and meaning.

16.   Denies each and every allegation set forth in paragraph "16" of the Complaint, except that Defendant admits seeking Plaintiff's consent to adjourn the closing, that Plaintiff agreed to said request and refers the Court to said writing for its true content and meaning.

17.   Admits the allegations set forth in paragraph "17" of the Complaint to the extent that representatives of the parties herein met on April 21, 2005 at the offices of Defendant's title company and denies the balance of the allegations set forth in paragraph "17" of the Complaint.

18.   Denies each and every allegation set forth in paragraph "18" of the Complaint.

19.   Denies each and every allegation set forth in paragraph "19" of the Complaint.

20.   Denies each and every allegation set forth in paragraph "20" of the Complaint except, that Defendant alleges that Plaintiff is bound to perform its obligations under the Sales Agreement and the Amendments thereto.

21.   Denies each and every allegation set forth in paragraph "21" of the Complaint.

22.   Admits the allegations of paragraph "22" of the Complaint.

23.   Denies each and every allegation set forth in paragraph "23" of the Complaint.

24. Denies each and every allegation set forth in paragraph "24" of the Complaint.

25. Denies each and every allegation set forth in paragraph "25" of the Complaint.

26. Denies each and every allegation set forth in paragraph "26" of the Complaint.

27. Denies each and every allegation set forth in paragraph "27" of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "28" of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "29" of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "30" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

31. The Complaint should be dismissed because Plaintiff, on, before and since April 21, 2005, has been unable to close because it had not, and is not able to satisfy the covenants and conditions set forth in the agreement of sale, dated as of May 29, 2002, by and between Plaintiff and Defendant's assignor (the "Sales Agreement").

32. The Complaint should also be dismissed because Plaintiff, on, before and since April 21, 2005, has failed to act in good faith and make reasonable efforts to satisfy the covenants and conditions set forth in the Sales Agreement.

33. On, before and since April 21, 2005, Plaintiff, in violation of Section 9.4 of the Sales Agreement has been unable or unwilling to obtain dismissal and/or provide

satisfactory proof of the dismissal of a violation issued by the Army Corp. of Engineers, dated August 27, 2004, concerning One Beard Street, Brooklyn, New York (Block 612: Lot 130) the property (the "Property") which Plaintiff is to convey to Defendant pursuant to the Sales Agreement.

34. On, before and since April 21, 2005, Plaintiff, in violation of Sections 6.7 and 10.2.1 of the Sales Agreement, has been unable or unwilling to obtain the discharge and/or provide satisfactory proof of the discharge of a lien in favor of the City of New York, Department of Environmental Protection for unpaid water and sewer charges, on the Property, which, upon information and belief, have accumulated for a number of years and in violation of Section 12.1 furnish the required documentation to effect the adjustment for water and sewer charges as required under the Sales Agreement.

35. On, before and since April 21, 2005, Plaintiff, in violation of Sections 4.14 and 9.4 of the Sales Agreement, has been unable or unwilling to cure and/or provide satisfactory proof of the cure of certain environmental conditions on the Property which are not in compliance with applicable laws, including, but not limited to rendering certain above ground storage tanks located in certain buildings on the Property and a certain stained soil condition in compliance with applicable laws along with bringing various 1, 5 and 55 gallon containers located on the Property into compliance with all applicable laws.

36. On, before and since April 21, 2005, Plaintiff, in violation of Section 9.4 of the Sales Agreement, has been unable or unwilling to cure and/or provide satisfactory proof of the dismissal of certain municipal violations on the Property, including, but not limited to dismissal of violations issued by the Department of Buildings and the Fire Department of the City of New York and the payment in full, prior to Closing, of all of

the outstanding fines, sanctions, fees or penalties imposed with respect to any violations of law affecting the Property.

### SECOND AFFIRMATIVE DEFENSE

37. There is no date set forth in the Sales Agreement for the closing, rather the Sales Agreement, at Section 10.1, provides that the closing shall be held on a date which is thirty (30) days after the date upon which all covenants and conditions precedent set forth in Section 6 of the Sales Agreement shall have been satisfied or waived by Buyer.

38. Because there is no date set in the Sales Agreement for a time of the essence closing, in order for Plaintiff to designate a time of the essence closing date, it was required, at a minimum, to serve Defendant with a notice that was clear, distinct and unequivocal, fixing a closing date, time and place, that set a reasonable time in which to perform under the Sales Agreement and notifying Defendant that its failure to close on that date will result in a default.

39. Plaintiff did not, at any point in time, send Defendant a notice that was clear, distinct and unequivocal fixing a closing date, time and place, that set a reasonable time in which to perform under the Sales Agreement and notifying Defendant that its failure to close on that date will result in a default.

40. Plaintiff sent a notice, dated April 14, 2005, purporting to set a closing for April 20, 2005 (the"Notice") -- a date that is only six (6) days after the date of the Notice -- however, the Notice, among other things, did not inform Defendant that closing date set was time of the essence or that its failure to close on that date will result in a default.

41. The Notice is defective and failed to establish April 20, 2005 as the time of the essence closing date.

42. Notwithstanding the fact that the Notice was defective, even if it can somehow be construed that April 20, 2005 was a time of the essence closing date, Plaintiff, by agreeing to an unconditional adjournment of the closing date to April 21, 2005 set a new closing date which was not time of the essence.

43. As no time of the essence closing had been set, either by Plaintiff's letter, dated April 14, 2005 or Plaintiff's agreement to adjourn the closing to April 21, 2005, Defendant had the right to a reasonable adjournment of the closing date.

44. On April 21, 2005, when the parties met to close the sale of the Premises, it soon became apparent that Plaintiff had not satisfied all of the conditions necessary to close the sale of the Premises.

45. Defendant sought an adjournment so that either it or Plaintiff could further investigate the outstanding issues and obtain the necessary documentation to satisfy the outstanding conditions.

46. At a minimum, the outstanding issues concern: (a) obtaining dismissal, or other satisfactory documentation from the Army Corp. of Engineers, of a violation issued by the Army Corp. of Engineers, dated August 27, 2004, concerning the Property; (b) obtaining the discharge of a lien in favor of the City of New York, Department of Environmental Protection for unpaid water and sewer charges, on the Property; (c) curing certain environmental conditions on the Property; and (d) curing certain municipal violations on the Property, including, but not limited to dismissal of violations issued by the Department of Buildings and the Fire Department of the City of New York and the

payment in full, prior to Closing, of all of the outstanding fines, sanctions, fees or penalties imposed with respect to any violations of law affecting the Property.

47. In view of the foregoing, the Complaint should be dismissed because no time of the essence closing had been set and Defendant was entitled to a reasonable adjournment of the April 21, 2005 closing.

### THIRD AFFIRMATIVE DEFENSE

48. Defendant repeats and realleges each and every allegation set forth in paragraphs "36" through "48" as if fully set forth below.

49. Plaintiff, by unconditionally consenting to adjourn the closing to April 21, 2005, waived any claim it may have had that the closing was time of the essence.

50. By reason of the foregoing, the complaint should be dismissed.

### FOURTH AFFIRMATIVE DEFENSE

51. The Complaint is defective and must be dismissed because the demand for relief fails to seek cancellation and discharge, of record, of the Notice of Agreement which is filed against the Property.

### DEFENDANT'S FIRST COUNTERCLAIM

52. The Sales Agreement provides that Plaintiff sell the Property for the sum of $31,000,000.

53. The Sales Agreement was amended from time to time which permitted, among other things, the assignment of the Sales Agreement to Defendant.

54. Pursuant to the Sales Agreement and the amendments thereto, Defendant has paid Plaintiff over $2,000,000 towards the purchase price of the Property.

55. The Sales Agreement provides that if the closing does not occur, except for limited circumstances, Plaintiff may keep the $2,000,000 plus dollars it has already received and that Defendant is not entitled to a refund of any portion of this money.

56. In addition to the $2,000,000 plus payment, Defendant has spent millions of dollars in anticipation of its development of a retail facility approaching 350,000 square feet.

57. The Sales Agreement, in Section 6, contains certain conditions which Plaintiff must fulfill prior to closing or setting a closing date.

58. The provisions of Section 6 of the Sales Agreement require Plaintiff to, among other things, deliver the Property free of violations, liens and certain environmental conditions as required under the Sales Agreement.

59. Notwithstanding the foregoing requirement, Plaintiff has failed to deliver the Property as required under the Sales Agreement.

60. Plaintiff, in violation of the Sales Agreement, has failed to make a good faith effort and take reasonable steps to deliver the Property as required under the Sales Agreement.

61. According to Section 10.1 of the Sales Agreement a closing date may only be set after all covenants and conditions precedent set forth in Section 6 of the Sales Agreement have been satisfied or waived by Buyer.

62. Defendant has always been ready willing and able to, on its part, perform the Sales Agreement and for good and marketable title of the Property and a proper deed of the fee that is free from all encumbrances, except as provided in the Sales Agreement,

Defendant has been and is ready willing and able to pay the balance of the purchase price to the Plaintiffs.

63. Plaintiff, however, continues to refuse to make a good faith effort and take reasonable steps to satisfy the covenants and conditions precedent set forth in Section 6 of the Sales Agreement and to tender title to the Property in accordance with the terms and conditions of the Sales Agreement.

64. Defendant has no adequate remedy at law.

## **DEMAND FOR RELIEF**

WHEREFORE, Defendant demands judgment as follows:

    a.    Dismissing the Complaint, with prejudice;

    b.    Directing Plaintiff to specifically perform, in good faith, its obligations under the Sales Agreement, including, but not limited to, delivering the Property free of violations, liens and certain environmental conditions as required under the Sales Agreement and setting a closing date within thirty (30) days of: (i) the satisfaction or waiver of all covenants and conditions precedent set forth in Section 6 of the Sales Agreement; or (ii) if Plaintiff cannot satisfy the covenants and conditions set forth in Section 6 of the Sales Agreement, after completion of Plaintiffs good faith effort to satisfy said covenants and conditions;

    c.    Awarding Defendant its attorneys' fees;

    d.    Awarding Defendant the costs and disbursements for this action; and

   e. Granting Defendant such other and further relief as the Court deems just and proper.

Dated: New York, New York
   May 25, 2005

              MOSES & SINGER LLP

              By: _____
                 Jay R. Fialkoff (JF4992)
              *Attorneys for Defendant*
              1301 Avenue of the Americas
              New York, NY 10019-6076
              (212) 554-7800

TO: James F. X. Hiler
   *Attorneys for Plaintiff*
   Wechsler & Cohen, LLP
   116 John Street, 33rd Floor
   New York, New York  10016